**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

GERALD ROSARIO RIVIELLO, JR., on          :
behalf of himself and those similarly          :
situated,                                                     :
     Plaintiff                                            :   **Civil Action No. 4:CV-11-01079**
                                              :
v.                                                              :   **(Chief Judge Kane)**
                                              :
PENN STATE FEDERAL CREDIT               :
UNION, et al.,                                           :
     Defendants                                        :

**MEMORANDUM ORDER**

       Pending before the Court is a partial motion to dismiss filed by Defendant Penn State

Federal Credit Union.  (Doc. No. 6.)  The motion is fully briefed and is ripe for disposition.  For

the reasons that follow, the Court will deny Defendant's motion.

**I.**      **BACKGROUND**

       Plaintiff Gerald Rosario Riviello, Jr. filed a complaint in the Pennsylvania Court of

Common Pleas for Centre County alleging violations of the Electronic Funds Transfer Act

("EFTA"), 15 U.SC. § 1693 et seq.  (Doc. No. 1-2.)  Defendants removed the action to this Court

on June 3, 2011.  (Doc. No. 1.)  Paragraphs 27 through 43 of the complaint consist of class

allegations.  (Doc. No 1-2 ¶¶ 27-43.)  On July 1, 2011, Defendant Penn State Federal Credit

Union filed a partial motion to dismiss Plaintiff's complaint and a brief in support.  (Doc. Nos. 6,

7.)  Defendants move to strike and dismiss the complaint's class allegations.  (Doc. No. 6 at 1.)

Plaintiff filed a brief in opposition on August 9, 2011.  (Doc. No. 9.)

**II.**     **STANDARD OF REVIEW**

       A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.

Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In reviewing a motion to dismiss, a court

may "consider only the allegations in the complaint, exhibits attached to the complaint, matters

of public record, and documents that form the basis of a claim."  Lum v. Bank of Am. , 361 F.3d

217, 221 n.3 (3d Cir. 2004).  The motion will only be properly granted when, taking all factual

allegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a

matter of law.  Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990).  The burden

is on the moving party to show that no claim has been stated.  Johnsrud v. Carter, 620 F.2d 29,

33 (3d Cir. 1980).  Thus, the moving party must show that Plaintiff has failed to "set forth

sufficient information to outline the elements of his claim or to permit inferences to be drawn

that those elements exist."   Kost, 1 F.3d at 183 (citations omitted).  A court, however, "need not

credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."

Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997).  Indeed, the Supreme

Court has recently held that while the 12(b)(6) standard does not require "detailed factual

allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief. .

. . '[F]actual allegations must be enough to raise a right to relief above the speculative level.'"

Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231-32 (3d Cir. 2008) (quoting Bell Atlantic Corp.

v. Twombly, 550 U.S. 544, 555 (2007)).  Put otherwise, a civil complaint must "set out

'sufficient factual matter' to show that the claim is facially plausible."  Fowler v. UPMC

Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955

(2009)).

## III.    DISCUSSION

In support of its partial motion to dismiss, Defendant argues that Plaintiff's class

2

allegations fail to satisfy the requirements of Rule 23(b)(3) of the Federal Rules of Civil

Procedure.  (Doc. No. 7 at 4.)  Rule 23(b)(3) provides, in pertinent part, that a class action may

be maintained if Rule 23(a) is satisfied and if:

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include:
>
> (A the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).  Defendant asserts that Plaintiff's class allegations cannot survive a

Rule 23(b) predominance analysis.  (Doc. No. 7 at 4.)  Plaintiff argues[1] that other courts "have

approved class action claims in similar cases" and requests that any issues regarding the class

allegations be addressed following discovery.  (Doc. No. 9-1 at 3.)  Recently, the Third Circuit

held that a district court's ruling on class certification on a motion to dismiss was premature,

noting that, "[p]articularly when a court considers predominance, it might have to venture into

the territory of the claim's merits and evaluate the nature of the evidence.  In most cases, some

level of discovery is essential to such an evaluation."  Landsman & Funk PC v. Skinder-Strauss

---

[1] The Court notes that Plaintiff devotes the entirety of his brief to discussing issues that were not raised by Defendant, namely, whether Plaintiff's class allegations can survive a Rule 23(b)(3)'s superiority analysis and whether adequate notice can be provided to potential class members.  (Doc. No. 9-1 at 1.)

<u>Assocs.</u>, 640 F.2d 72, 93 (3d Cir. 2011) (citations omitted).  The Court is not convinced that this case is one of the "rare few where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met."  <u>Id.</u> at 93 n.30.  Because the parties have not yet conducted discovery in this case and Plaintiff has not yet moved for class certification, the Court will deny Defendant's motion.  <u>See</u> <u>Mills v. First Credit Union</u>, No. 4:11-cv-686, 2011 WL 3236313 (M.D. Pa. July 28, 2011); <u>Vlachos v. Tobyhanna Army Depot Fed. Credit Union</u>, No. 3:11-cv-0060, 2011 WL 2580657 (M.D. Pa. June 29, 2011).

 **ACCORDINGLY**, on this 6th day of September 2011, **IT IS HEREBY ORDERED THAT** Defendant's partial motion to dismiss (Doc. No. 6) is **DENIED**.


      <u>S/ Yvette Kane   </u>
      Yvette Kane, Chief Judge
      United States District Court
      Middle District of Pennsylvania